APPEAL OF ESTATE OF ISABELLA C. HOFFMAN, MEYER C. HOFFMAN ET AL., EXECUTORS.

Docket No. 5338.   Submitted February 15, 1926.   Decided April 20, 1926.

1. That part of the estate of a former decedent of which the present decedent was given the power of appointment by will should not be included in the present decedent's estate, the power of appointment not having been exercised.

2. *Held*, under the evidence, that the property of the decedent can be identified as having been received by bequest, devise or inheritance from a person who died within five years prior to the death of the decedent, or as having been received in exchange for property so received.

*M. L. Seidman*, C. P. A., for the taxpayer.
*Frank T. Horner*, Esq., for the Commissioner.

Before GRAUPNER and TRAMMELL.

FINDINGS OF FACT.

Isabella C. Hoffman died on April 26, 1923, a resident of New York City. Meyer C. Hoffman, her son, and Pauline H. Rosenberg, her daughter, are the duly qualified executors of her estate.

Charles Hoffman, the husband of Isabella C. Hoffman, died March 9, 1919, and under his will designated his wife, Isabella C..Hoffman, his daughter, Pauline H. Rosenberg, and his son, Meyer C. Hoffman, as his executors, who qualified as such under the laws of New York on April 3, 1919.

The net estate of Charles Hoffman was $374,072.15, upon which an estate tax of $10,462.89 was paid. One half of his estate was left to Isabella C. Hoffman, and the income from the other half was left to her during her life with a power of appointment as to the principal. The power of appointment was not exercised by Isabella C. Hoffman by her will, which was executed October 13, 1922, as provided in the will of Charles Hoffman which gave her such power.

The pertinent portions of the respective wills are as follows:

### WILL OF CHARLES HOFFMAN.

Third: I give, devise and bequeath one-half of all of the residue and remainder of my property of whatsoever nature or description and wheresoever situated, both real and personal, of which I may be seized or possessed at the time of my death, unto my beloved wife, Isabella C. absolutely and forever.

Fourth: I give, devise and bequeath the remaining one-half share of said residue and remainder of my estate unto my said wife for her use during the remainder of her natural life; my said wife to receive the net income, rents or profits therefrom during her life, and upon her death, such one-half share of my estate to go to such person or persons as she, my said wife, may by her last Will and Testament appoint or designate, giving her full power unto that end; or in default of the exercise by my said wife of such power said one-half share of my estate or so much thereof as she may fail to dispose of by her Last Will and Testament, shall, upon her death, go, and I hereby give, devise and bequeath the same in such event, upon her death, to our children Meyer and Pauline in equal shares or, in the event of either of my said children not surviving my said wife, but leaving lawful issue him or her surviving, then and in such event the share of my said child to go to such issue per stirpes and not per capita; the issue taking collectively the share which its parent would have taken if living; provided, however, that in the event that our son Meyer shall die during the lifetime of my said wife, without leaving a widow or issue him surviving, that in such event I direct that the entire said one-half share of my estate, upon the death of my said wife, go to my lawful heirs and next of kin other than my daughter Pauline or her descendants; per stirpes and not per capita in the same manner as if my said daughter Pauline or her descendants were not then living.

### WILL OF ISABELLA C. HOFFMAN.

Second: I give, devise and bequeath one-half share and moiety of all my property of whatsoever nature or description, both real and personal, and wheresoever situated, unto my son Meyer, to have and to hold unto him absolutely and forever.

Third: I give, devise and bequeath the remaining one-half share and moiety of all my said property unto my son Meyer and my daughter Pauline as Trustees to hold the same in trust for the following purposes; to pay the income from such property to my daughter Pauline during her life, the principal of such share, upon her death to go to her children, if she leave any, her surviving, and in the event of her leaving no children her surviving, to my son Meyer. In the event that my said son shall predecease my said daughter, leaving no widow or children him surviving, title to such share shall vest in my daughter absolutely.

The estate of Charles Hoffman was administered at all times during the life of Isabella C. Hoffman by Meyer C. Hoffman, one of the executors. The estate was never partitioned and no part of the principal or corpus was ever distributed. No accounting with the Surrogate's Court of the State of New York was filed, nor were the executors ever discharged by the court. The income of the estate of Charles Hoffman was paid over currently to Isabella C. Hoffman.

On April 9, 1919, there was on deposit to the credit of Charles Hoffman $8,658.52 in the Metropolitan Bank, and $11,869.25 in the Public National Bank of the City of New York. These accounts were on the above date turned over to the credit of the estate of Charles Hoffman. On September 1, 1922, the account with the Metropolitan Bank was changed to the Metropolitan branch of the Chase National Bank when the two banks merged. On September 14, 1922, the balance on deposit with the Public National Bank was transferred to the Chelsea Exchange Bank. On April 9, 1919, and thereafter, all deposits and withdrawals were made from these accounts by Meyer C. Hoffman, one of the executors, on behalf of the estate.

Isabella C. Hoffman, prior to the death of Charles Hoffman, owned no property in fee. She had a life interest in three parcels of real estate through her father's estate, the income from which was paid to her. She had no bank account.

The executors of the estate of Charles Hoffman at no time merged any funds or property of their own or of any other person with the funds or property of the estate. At all times the property belonging to the estate of Charles Hoffman consisted either of the property which he left at the time of his death or the proceeds of the reinvestment of such property. The estate of Charles Hoffman had a number of notes and mortgages which were constantly being paid off. At the time of his death he was involved in some real estate ventures which had not been completed. Among his assets were various securities which were deemed by the executors to be too speculative, and they were sold. As the notes and mortgages were collected, the real estate ventures liquidated, and the securities sold,

the proceeds were reinvested in real estate and other property, which was held until the death of Isabella C. Hoffman.

A number of the properties that were left by Charles Hoffman were held without change by the estate until the death of Isabella C. Hoffman, and were included in the identical form in her estate. The value of these properties was $207,600, upon which the Commissioner has allowed a deduction as property previously taxed. The Commissioner disallowed the amount of $166,472.15, which was obtained from notes and mortgages paid off and the liquidation of other securities and reinvested in real estate and other property, on the ground that it had not been identified as having been previously taxed.

OPINION.

TRAMMELL: The question involved in this appeal is whether the estate of Isabella C. Hoffman is entitled to a deduction in excess of that allowed by the Commissioner, under the provisions of section 403 (a) (2) of the Revenue Act of 1921, on account of property forming a part of her gross estate which the taxpayer alleges has been identified as having been received from a prior decedent by gift, bequest, devise, or inheritance, or as having been acquired in exchange for property so received, and if so, the extent of such deduction in excess of that allowed by the Commissioner.

The value of the gross estate of Charles Hoffman, the prior decedent, was $695,602.60. The net estate was $374,072.15, and the estate tax levied thereon was $10,462.89, which was duly paid.

In determining the tax liability of the estate of Isabella C. Hoffman the Commissioner allowed $207,600 as a deduction on account of property previously included for tax, but disallowed $166,472.15 claimed by the taxpayer, upon the ground that there had been more than one transfer of the securities and other property making up that amount. It was contended by the Commissioner that that part of the estate was not received by gift, devise, or inheritance from the estate of Charles Hoffman and was not received in exchange for property so received within the meaning of the statute.

The taxpayer apparently assumed that all of the assets of which Charles Hoffman died seized and possessed either went to Isabella C. Hoffman under the terms of the will or were transferred by her in her will by virtue of a general power of appointment. The will of Charles Hoffman left to Isabella C. Hoffman only one-half of his property, real and personal. The other one-half he did not give to his wife by will but gave her a general power of appointment thereof, together with the income, rents, and profits from the

property during her natural life. At her death she was given power to designate or appoint by her last will and testament the person or persons to whom it should go, and, in the absence of the exercise of such power, it was to go to his son and daughter or to the survivor.

The Commissioner in his brief alleges that Isabella C. Hoffman did not exercise the power of appointment conferred upon her by her husband's will. From an examination of the two wills introduced in evidence we are of the opinion that the power of appointment was not exercised. Isabella C. Hoffman did not in her will appoint or designate any person to whom the property over which she had the power of appointment should go. She merely gave, devised, and bequeathed her own property, making no reference whatever to property not owned by her and over which she had the power of appointment.

The pertinent provisions of section 402 of the Revenue Act of 1921 are as follows:

That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—　*　*　*

(e) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of, or intended to take effect in possession or enjoyment at or after, his death, except in case of a bona fide sale for a fair consideration in money or money's worth.

Since we find that the said Isabella C. Hoffman did not exercise the power of appointment given her in the will of Charles Hoffman, no property passed under a general power of appointment as contemplated in section 402 (e), above quoted.

Only one-half of the property belonging to Charles Hoffman at the time of his death passed under his will to Isabella C. Hoffman. The other half passed under the will of Charles Hoffman directly to his children by virtue of the fact that Isabella C. Hoffman failed to exercise the power of appointment vested in her. This being true, an amount in excess of the value of the property which is claimed as a deduction was never a part of the estate of Isabella C. Hoffman.

With respect to the property which was a part of the estate of the present decedent, we do not agree with the contention of the Commissioner. In our opinion, if property can be identified as having been included in the estate of a prior decedent, the estate of the subsequent decedent is entitled to a deduction on account thereof. There is no limitation to one exchange if the property remains segre-

gated and distinguishable. Here there was no commingling of funds or assets. The assets could be and were kept identified.

Upon consideration of all the facts we are of the opinion that the assets in the amount of $166,472.15 were included in the estate of the prior decedent and were subjected to tax.

All of the property of the present decedent, which consisted of only one-half of the estate of the prior decedent, was subjected to the estate tax as a part of her husband's estate or was received in exchange for property so taxed.

*Order of redetermination will be entered on 10 days' notice, under Rule 50.*